[Crim. No. 24508. Second Dist., Div. One. June 27, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY LEONARD MILLER, Defendant and Appellant.

## COUNSEL

John M. Harvey, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—In this appeal from a judgment of conviction of second degree burglary after a court trial, appellant contends that the trial court erred in receiving evidence of his confession arguing that it was obtained in violation of the principles enunciated in *People* v. *Fioritto,* 68 Cal.2d 714, 718-719 [68 Cal.Rptr. 817, 441 P.2d 625], and was coerced. We conclude that the record supports an implied finding of the trial court to the contrary and accordingly affirm the judgment.

At about 3:20 p.m., on August 1, 1973, the home of Mr. and Mrs. Brown Meggs was burglarized. As the burglary was in process, it was witnessed by neighbors who called the police. Officers responded to the call within minutes. They apprehended two young juveniles near an automobile in front of the Meggs house. As they searched the surrounding area, a third juvenile surrendered to them. Immediately afterward, appellant, the brother of the three juveniles, also surrendered. His clothes and hair bore traces of grass and hay, indicating that he had been in hiding in the area. The arresting officers immediately advised appellant of his *Miranda* rights. He responded that he did not waive them.

Appellant was transported to the police station and was placed in custody. Two days after the arrest, Detective Albert Cauchon asked the jailer to bring appellant from his cell. Cauchon and appellant went to an interrogation room. Cauchon again advised appellant of his *Miranda* rights. He explained in detail stating, after a formal recitation of them: '. . . [these rights] mean that you don't have to talk to me at all if you don't want to . . . whatever you tell me now I can tell a judge on the stand exactly what you tell me." Responding to appellant's question concerning the meaning of "consult with an attorney," Cauchon said: ". . . [it] means to talk to an attorney prior to talking to me and any consultation you might have with him or to tell him."

After the detailed explanation, Cauchon asked appellant if he understood his *Miranda* rights. Appellant indicated that he was willing to talk to Cauchon. Appellant made an essentially exculpatory statement. Confronted by Cauchon with the fact that his brothers had confessed to the burglary and implicated him, appellant confessed. The confession was received over appellant's objection at trial.

While the issue is a close one, we conclude that the trial court's action was correct. No evidence of coercion or improper inducement appears in the record. The issue presented concerns the right of Detective Cauchon to initiate an interview with appellant and to question him in

the fashion employed two days after appellant had asserted his *Miranda* rights to the arresting officers.

Quoting from *Miranda,* our Supreme Court stated in *People* v. *Fioritto, supra,* 68 Cal.2d 714: " 'Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle, or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked.' " (68 Cal.2d at p. 718.)

The broad rule of *Fioritto* has been limited where, unlike the situation there, questioning of a suspect is terminated when *Miranda* rights are first asserted but reinstituted after the passage of a substantial interval of time. In *People* v. *Chambers,* 276 Cal.App.2d 89 [80 Cal.Rptr. 672], the Court of Appeal, speaking through Justice Wright and quoting from *People* v. *Duran,* 269 Cal.App.2d 112 [74 Cal.Rptr. 459], said: " 'there is no reason why once having requested counsel and the request having been recognized by a cessation of interrogation, the accused cannot [later] elect to proceed without counsel if that election is freely, knowingly and intelligently made.' " (276 Cal.App.2d at pp. 106-107.) ▮ Factors which bear upon a conclusion that an accused, after asserting his *Miranda* rights, has later freely, knowingly, and intelligently elected to speak without the presence of counsel, are the time period intervening after questioning is first terminated (*People* v. *Chambers, supra,* 276 Cal.App.2d 89, 106, two days; *People* v. *Duran, supra,* 269 Cal.App.2d 112, 117, eight hours; *People* v. *Brockman,* 2 Cal.App.3d 1002 [83 Cal.Rptr. 70], two days), whether the subsequent interrogation is initiated by the police solely to obtain a statement or is also motivated by outside factors (*People* v. *Chambers, supra,* 276 Cal.App.2d 89, questioning resumed at request of co-defendant), whether police conduct involves only reinstituted questioning or also includes an inducement to confess albeit a proper one (cf. *People* v. *Fioritto, supra,* 68 Cal.2d 714, with *People* v. *Duran, supra,* 269 Cal. App.2d 112, 117), and the extent of a subsequent warning and explanation of rights before a second questioning commences (*People* v. *Smith,* 270 Cal.App.2d 715, 720 [76 Cal.Rptr. 53]; *People* v. *Brockman, supra,* 2 Cal.App.3d 1002, 1009). To those factors specifically discussed in the precedent decisions should be added a factor running through all of them,

the circumstances under which the first warning of *Miranda* rights was given and the rights asserted.

 Here the factors are mixed. The original warning was given and the *Miranda* rights asserted during the course of a field arrest and not during formal interrogation as in *Fioritto*. Unlike the situation in *Fioritto*, questioning was not continued after the rights were first asserted, but two days intervened before questioning again commenced. The explanation of *Miranda* rights before the second period of questioning was extremely meticulous and detailed. However, the police initiated the second interrogation with no motivation other than to secure a statement, and appellant, after he made an exculpatory statement, was informed that codefendants had confessed and implicated him. On balance, we cannot conclude that the trial court erred in its implied finding that under the combination of circumstances, appellant freely, knowingly, and intelligently elected to speak without counsel at the second interrogation. (*People* v. *Duran, supra,* 269 Cal.App.2d 112, 116.)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.